**STEWART LEE KARLIN LAW GROUP, P.C.**
Natalia Kapitonova, Esq.
*Attorney for Plaintiff*
111 John Street, 22nd Floor
New York, NY 10038
T: (212) 792-9670
F: (844) 636-1021
cnk@stewartkarlin.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JANE DOE,

        Plaintiff,

v.                                  **Civil Action No.**

PRINCETON PUBLIC SCHOOLS,

        Defendant.

## COMPLAINT

Plaintiff, JANE DOE, by and through her attorney, hereby alleges:

### Nature of the Claim

1. This is a civil action based upon the Defendant's violations of the American Disabilities Act, 42 USC § 12182, Section 504 of the Rehabilitation Act of 1973, due to Defendant's retaliation for advocacy for special education services.

### Jurisdiction and Venue

2. This Court has jurisdiction over Defendant PRINCETON PUBLIC SCHOOLS pursuant to 42 USC § 12117.

3. This action properly lies in the District Court of New Jersey, as Defendant's principal place of business is the State of New Jersey, Mercer County, and the allegations set forth below occurred in the same.

**Parties**

4. At all times hereinafter mentioned, Plaintiff was and still is a resident of the State of New Jersey.

5. Plaintiff was a student at Princeton High School of the Princeton Public Schools. Plaintiff is a 2022 graduate of Princeton High School.

6. Plaintiff was a student needing special education services and had a documented disability known to Defendant. Plaintiff had a formal education plan pursuant to Section 504 of the Rehabilitation Act.

7. Defendant PRINCETON PUBLIC SCHOOLS is charged by law with responsibility for the operation, management, and control of the Princeton, New Jersey public education system and is within the jurisdiction of this Court.

**Statement of Facts**

8. This action arises from Princeton High School's ("Princeton HS") mishandling of Plaintiff's academic transcript during the college application process. Plaintiff is a special needs student (learning disability) had a 504 plan.

9. It came to the attention of the parents of Plaintiff, in April 2022, that the Princeton HS Guidance Department had sent Plaintiff's incorrect official transcript to prospective colleges in October, February, March, and April of the 2021-2022 school year.

10.     The Defendant admitted these errors when the parents of Plaintiff brought it to the attention of numerous administrators, yet Princeton HS was still unable to produce an accurate transcript, as college admission deadlines approached.

11.     Specifically, throughout the college application process, Princeton HS has egregiously sent Plaintiff's transcripts with lower GPAs than she had earned and incorrect and missing class titles.  Despite the administration confirming to the parents of Plaintiff, on multiple occasions, that the Princeton University math class will not be included in the mid-year grades as part of the GPA submitted to prospective colleges mid-year grades would not be included on the transcripts), the mid-year grades were still transmitted to prospective colleges including the Princeton University Math class as part of the GPA. When the errors were discovered by the parents of Plaintiff, Plaintiff had earned a 4.0 unweighted GPA and a 4.64 weighted GPA, making her the highest-achieving senior in the district.  However, the Plaintiff is aware of transcripts being sent out reflecting an unweighted GPA for the 12th grade as low as 3.33.

12.     As a result of Defendant's repeated transmission of Plaintiff's incorrect transcripts, her applications to numerous prestigious academic institutions were denied and she was denied scholarships that she was qualified for.

13.     Further, the added stress caused by Defendant's actions adversely affected Plaintiff's physical and mental health as she navigated what is already a difficult experience for high school seniors.  Plaintiff was hospitalized and had multiple doctor appointments, tests, and scopes during the 2021-2022 school year, due to the additional stress.  Plaintiff also developed anxiety and severe intestinal problems, both conditions for which she still receives treatment as a result of Defendant's actions.

14. Princeton HS's actions were retaliatory due to Plaintiff's prior advocacy for special education services. Beginning in September of Plaintiff's junior year (2020-2021 school year) Defendants failed to provide Plaintiff with the services set forth in her 504 plan at the time they were requested.

15. To secure the appropriate service, Plaintiff's Mother contacted the supervisor of the English Department at Princeton HS. Ultimately, Plaintiff had to be switched to a different teacher in order to receive the necessary special education services.

16. Following the advocacy for Plaintiff's special education services, the relationship with Princeton HS Administration was strained, they continuously failed to communicate effectively and failed to take the appropriate remedial actions in a timely manner as described herein.

17. To wit, following the discovery of the transcript errors in early April 2022, the Plaintiff's parents brought it to the attention of the Princeton HS Administration. Despite being notified of the errors, the Defendants continuously failed to produce an accurate official transcript. While Assistant Superintendent Kathleen Foster, Interim Princeton Public School Superintendent for Curriculum attempted to communicate with prospective colleges to inform them that the transcripts previously sent out by Princeton HS were wrong, her communication was still accompanied by a transcript that contained errors. She was directed by Dana Karas the Director of School Counseling and Carol Kelley the Superintendent of Princeton Public Schools. Both of them are no longer with the district to submit these transcripts although she was well aware they contained multiple errors.

18. Ultimately, without the assistance of the District, Plaintiff was admitted to UPenn. Plaintiff herself had to create an accurate transcript for UPenn, which is what her acceptance was based on. To ensure that her final transcript produced by the District was

accurate, Plaintiff was forced to retain counsel to communicate with Defendant. Through counsel, by letter dated June 16, 2022, Defendants were again put on notice of their repeated transmission of incorrect transcripts and the damage it was continuing to cause. Further, it was requested that the parents of Plaintiff be permitted to review the final transcript prior to it being sent to UPenn.

19. Despite being on notice of the numerous errors on Plaintiff's transcript, Defendant still produced a final transcript to Plaintiff, on June 29, 2022, that contained incorrect courses and grades, again creating additional stress and anxiety. Following revisions, Plaintiff was finally able to confirm that the final transcript was accurate and could be submitted to UPenn on July 5, 2022.

20. Thereafter, Defendant has continued to transmit incorrect transcripts for Plaintiff. Plaintiff became aware on September 12, 2022, that Defendants had uploaded Plaintiff's incorrect transcript to the NCAA portal on August 31, 2022. Plaintiff is uncertain whether the last transcript Defendant sent to her prospective schools and NCAA was correct. Defendant's actions created increased stress on Plaintiff as it complicated her attempts to get clearance from the NCAA to be able to compete in intercollegiate athletics.

## As and For a First Claim for Relief
**Americans with Disabilities Act- Failure to Provide Services and Retaliation**

21. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. Plaintiff is a protected individual within the meaning of the Americans with Disabilities Act 42 USC 12182.

23. Plaintiff has a disability within the meaning of the ADA.

24. Defendant is a statutory party within the meaning of the ADA.

25. The Defendant is a recipient that receives federal financial assistance as defined by the ADA.

26. Defendant violated the ADA by subjecting Plaintiff to disparate treatment and discriminatory treatment due to her disability and perceived disability.

27. Defendant violated the ADA by retaliating against Plaintiff following the requests and advocacy for special education services.

28. Defendant retaliated against Plaintiff, in violation of the ADA, due to her request for special accommodation services.

29. The ADA, 42 U.S.C. §12132 was violated because Defendant intentionally discriminated and showed gross misjudgment against Plaintiff because she was excluded from participation in and denied the benefit of services and programs and activities and was otherwise discriminated and retaliated against due to her disability.

30. As a result of the willful activities of Defendant, Plaintiff has been deprived of equal educational opportunities based upon her disability, and perceived disability discrimination in violation of the Americans with Disabilities Act 42 U.S.C. 12182.

31. As a result of the foregoing conduct, Defendant has violated the ADA, 42 U.S.C. §12132 and the regulations promulgated thereunder resulting in Plaintiff being damaged.

**As and For a Second Claim for Relief**
**Section 504 of the Rehabilitation Act of 1973**

32. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. Defendant is a recipient of federal financial assistance as defined by Section 504 of the Rehabilitation Act of 1973 (29 USC § 794(a) and 29 CFR § 33.1.) and the regulations promulgated thereunder.

34. Defendant offers a variety of programs and services for students that have disabilities in order for the student to gain access to their education.

35. Plaintiff is a qualified individual with a disability in that she met the essential requirements for the receipt of services and reasonable accommodations.

36. Plaintiff had a formal 504 Plan in place.

37. Defendant failed to provide the necessary services and reasonable accommodations to Plaintiff.

38. Defendant violated the ADA by retaliating against Plaintiff following the requests and advocacy for special education services.

39. Defendant retaliated against Plaintiff, in violation of the ADA, due to her request for special accommodation services.

40. As a result of the foregoing conduct, Defendant has violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794, 29 CFR § 33.1, and the regulations promulgated thereunder, resulting in Plaintiff being damaged.

## Demand for a Jury Trial

41. Plaintiff herein demands a trial by jury of all issues and claims in this action.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Equitable Relief, including but not limited to a declaration that the actions taken against the Plaintiff were discriminatory and retaliatory;
2. Compensatory damages including but not limited to the following:
    a. Loss of Educational and Scholarship Opportunities
    b. Medical Expenses
3. Pain and suffering, including damage to reputation;
4. Punitive Damages;

5. Attorney fees and costs;

6. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 22, 2024

                                              STEWART LEE KARLIN
                                              LAW GROUP, P.C.

                                              _____
                                              Natalia Kapitonova, Esq.
                                              *Attorneys for Plaintiff*
                                              111 John Street, 22 Fl
                                              New York, NY 10038
                                              (212) 792-9670
                                              cnk@stewartkarlin.com

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: New York, New York
      February 22, 2024

                              STEWART LEE KARLIN
                              LAW GROUP, P.C.

                              Natalia Kapitonova, Esq.
                              *Attorneys for Plaintiff*
                              111 John Street, 22 Fl
                              New York, NY 10038
                              (212) 792-9670
                              cnk@stewartkarlin.com