

Alyssa K. Weinstein
COUNSEL
AWEINSTEIN@BUSCHLAWGROUP.COM

September 25, 2024

**Via ECF only**
Honorable Robert Kirsch, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

      Re:    **Jane Doe v. Princeton Public Schools, Civil Action No. 3:24-cv-01077-RK-RLS**

Dear Judge Kirsch:

      This office represents Defendant, Princeton Public Schools, in connection with the above-referenced matter. Defendant respectfully requests a pre-motion conference to discuss Defendant's intent to file a Motion to Dismiss the Complaint in lieu of an answer, pursuant to Fed. R. Civ. P. 12(b)(6). The basis of the anticipated motion is set forth herein:

      On April 4, 2023, 19-year-old Brittany Newman initiated an action in the Superior Court of New Jersey by filing a Notice of Motion for Leave to File a Late Notice of Claim. In the State Court Motion, Ms. Newman alleged that Defendant was "negligent, careless, intentional, and reckless" by their "mishandling [her] academic transcript during the college application process," resulting in denials of college admissions and scholarships, as well as adversely affecting her physical and mental health. Ms. Newman acknowledged that she had not submitted the timely notice to Defendant required by the New Jersey Tort Claims Act, N.J.S.A. 59:8-8. On May 30, 2023, the Superior Court of New Jersey issued an Order denying Ms. Newman's motion, and the case was closed. Although, typically, documents outside the face of the complaint are not considered in connection with a Rule 12(b)(6) motion, this Court may consider judicially noticeable facts and matters of public record, such as the State Court Motion and Order denying same, without converting the motion to dismiss into a motion for summary judgment. See Fed. R. Evid. 201(b); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007); Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999).

      Nine months later, on February 23, 2024, "Jane Doe" filed the present Complaint, also alleging damages a result of the District's "mishandling of [her] academic transcript during the college application process." The present Complaint is in large part <u>identical</u> to the allegations set forth in the State Court Motion, and Plaintiff was represented by the same law firm in connection with both pleadings. The aforementioned facts demonstrate that "Jane Doe" is indeed Brittany Newman, who was 19 years of age when the present action was filed.

      Fed. R. Civ. P. 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. While a plaintiff is entitled to every favorable inference

REPLY TO

387 PARK AVENUE S
5TH FLOOR
NY, NY 10016
212 278 0058

450 MAIN STREET
METUCHEN, NJ 08840
732 243 9588
FAX: 732 243 9590

309 FELLOWSHIP RD
STE 200
MT LAUREL, NJ 08054
863 350 1030

WWW.BUSCHLAWGROUP.COM

Honorable Robert Kirsch, U.S.D.J.
September 25, 2024
Page 2

that can be drawn from the pleadings, Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991), the factual allegations raised in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court is not constrained by a plaintiff's legal characterizations:  Our law is clear that conclusory allegations masquerading as factual contentions will not suffice. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  To survive a motion to dismiss, a plaintiff must assert factual allegations which outline all of the material elements of the legal cause of action pled. Id.  A complaint should be dismissed where the facts and inferences, viewed in the plaintiff's favor, nevertheless are insufficient to support the relief sought, as a matter of law. Major Tours, Inc. v. Colorel, 720 F. Supp. 2d 587, 604 (D.N.J. 2010).  In its Rule 12(b)(6) motion, Defendant will demonstrate that dismissal of this matter is appropriate for two key reasons:

First, Federal Rule of Civil Procedure 10(a) requires the caption of any complaint to "name all the parties."  "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (citing Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997)).  A party's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." Megless, 654 F.3d at 408 (citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000)).  Parties are permitted to proceed pseudonymously only under extraordinary circumstances, and only upon filing a motion and receiving an order permitting them to do so. Megless, 654 F.3d at 409-10 (3d Cir. 2011).  The use of a pseudonym *may* be appropriate where, for example, the litigant's identity has thus far been kept confidential, where the litigant has presented a reasonable fear of severe harm, and where the public interest in maintaining confidentiality outweighs the public interest in knowing the identity of the litigant. See id.; see also Doe v. The College of New Jersey, 997 F.3d 48, 4959 (3d Cir. 2021).

Here, Plaintiff has not filed a motion to proceed pseudonymously, and therefore she is not permitted to do so.  Fed. R. Civ. P. 10(a).  Moreover, even if Plaintiff had filed such a motion, leave to proceed pseudonymously would not have been appropriate because, *inter alia*: (1) she previously filed the State Court Motion using her real name, and thus her identity has not been kept confidential; (2) she is over the age of majority; (3) she has not pled any facts suggesting a reasonable fear of severe harm resulting from the disclosure of her identity; and (4) Defendant is a public entity, and thus the public has a paramount interest in knowing Plaintiff's identity, as a party whose Complaint is resulting in the expenditure of taxpayer monies for Defendant's defense. Accordingly, Defendant will respectfully submit that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Second, in the State Court Motion, Plaintiff asserted nearly *verbatim* factual and legal allegations as she asserts in the present Complaint.  In both pleadings, the crux of Plaintiff's claim is Defendant's alleged "mishandling of [her] academic transcript during the college application process."  Both pleadings include identical details relating to the discovery of alleged errors in Plaintiff's transcript, communications with school administrators, reporting of mid-year grades, calculation of Plaintiff's GPA, alleged denials of college admissions and scholarship applications, transmission of information to the NCAA portal, and alleged impacts on Plaintiff's physical and

Honorable Robert Kirsch, U.S.D.J.
September 25, 2024
Page 3

mental health. Both pleadings allege that Defendant's "actions were retaliatory due to [her] advocacy for special education services."

The only substantive difference between Plaintiff's assertions in both actions is that, in the State Court Motion, Plaintiff labeled Defendant's alleged conduct as tortious ("negligent, careless, and reckless[,] … intentional infliction of emotional distress, negligent infliction of emotional distress") whereas, in the present Complaint, Plaintiff labels Defendant's alleged conduct as a violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. To be clear, the Complaint is entirely devoid of any facts indicating that Defendant was motivated to any degree by discriminatory animus, or that Plaintiff was treated differently from any other similarly-situated individual. Plaintiff's mere speculation that Defendant had improper motives is insufficient to survive a Rule 12(b)(6) motion. Bell Atlantic Corp., 550 U.S. at 555. *At best*, and giving Plaintiff the benefit of all reasonable inferences, Plaintiff's allegations sound in negligence.

The Superior Court judge's denial of Plaintiff's motion to file a late notice meant that she was precluded from filing her tort claims against Defendant. The present Complaint appears to be a last-ditch effort to hold Defendant accountable for her apparent disappointment in her college application results, despite the fact that she attends the University of Pennsylvania, an Ivy League university. Plaintiff has simply re-packaged her tort claims as alleged statutory violations, in a transparent effort to convert identical facts and allegations into causes of action that do not require notice under the Tort Claims Act. The true nature of Plaintiff's gripe against Defendant is set forth in her allegation in both pleadings, that Defendant "mishandl[ed her] academic transcript during the college application process." This allegation indisputably sounds in negligence, as Plaintiff herself admitted by filing the State Court Motion in the first place. The law does not support Plaintiff's attempt at creative pleading to circumvent the fact that she missed her window to file her tort claims. See Binder & Binder, P.C. v. Handel, 570 F.3d 140, 143 (3d Cir. 2009) (rejecting party's use of "creative pleading" to re-frame the true nature of the allegation at issue); Algrant v. Evergreen Valley Nurseries Ltd. Partnership, 126 F.3d 178, 184 (3d Cir. 1997) (rejecting party's attempt to assert "otherwise time-barred claims simply by creative pleading"); K. Hovnanian Cos. v. N.J. Dept. of Envir. Prot., 379 N.J. Super. 1, 9 (App. Div.) (rejecting attempt to use creative pleading to convert what is "in reality" one type of claim into another), certif. denied, 185 N.J. 390 (2005). Accordingly, Defendant will respectfully submit that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendant looks forward to discussing this matter with Your Honor at a pre-motion conference.

Respectfully submitted,
**THE BUSCH LAW GROUP LLC**

Alyssa K. Weinstein, Esq.
Counsel

cc:   Natalia Kapitonova, Esq. (via email and ECF)